# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ALEXANDER BOULTON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>MILLENNIUM SEARCH, LLC,<br><br>    Defendant. | Case No. 23-2304<br><br>Jury Trial Demanded<br><br>FLSA Collective Action<br>Pursuant to 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      Alexander Boulton ("Boulton") brings this collective action to recover unpaid overtime wages and other damages from Millennium Search, LLC ("Millennium Search").

2.      Boulton worked for Millennium Search as a Recruiting Manager.

3.      Like the Putative Class Members (as defined below), Boulton regularly worked more than 8 hours in a day and 40 hours in a week.

4.      But Millennium Search never paid them overtime compensation.

5.      Instead of paying overtime, Millennium Search misclassifies Boulton and the Putative Class Members as exempt employees and pays them a salary with no overtime compensation.

6.      Millennium Search's salary pay scheme violates Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA) by depriving non-exempt employees (Boulton and the Putative Class Members) of overtime wages at 1.5 times their regular rates of pay for all hours worked in excess of 40 hours in a workweek.

## JURISDICTION & VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. This Court has personal jurisdiction over Millennium Search because Millennium Search is a domestic limited liability company that maintains its headquarters in Memphis, Tennessee.

9. Venue is proper because Millennium Search maintains its headquarters in Memphis, Tennessee. 28 U.S.C. § 1391(b)(1).

## THE PARTIES

10. Boulton worked for Millennium Search as a Recruiting Manager from approximately September 2020 until February 2022.

11. Throughout his employment, Millennium Search classified Boulton as exempt to avoid paying him overtime compensation.

12. Throughout his employment, Millennium Search paid Boulton a salary and failed to pay him overtime compensation when he worked more than 40 hours in a workweek.

13. Boulton's written consent is attached as **Exhibit 1**.

14. Boulton brings this action on behalf of himself and other similarly situated Millennium Search Recruiters who were misclassified as exempt and paid a salary with no overtime compensation.

15. Millennium Search uniformly misclassifies these employees as exempt and pays them a salary with no overtime compensation in violation of the FLSA.

16. The Putative Class of similarly situated employees is defined as:

> **All Millennium Search Recruiters (also known as "Recruiting Managers") who were classified as exempt and paid a salary**

**with no overtime compensation at any time during the past 3 years ("Putative Class Members" or "Putative Class").**

17. Millennium Search is a Tennessee limited liability company that maintains its headquarters in Memphis, Tennessee.

18. Millennium Search may be served with process by serving its registered agent: **Jason Gillum, 8245 Tournament Drive, Suite 270, Memphis, Tennessee 38125**, or wherever he may be found.

### COVERAGE UNDER THE FLSA

19. At all relevant times, Millennium Search was and is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20. At all relevant times, Millennium Search was and is an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

21. At all relevant times, Millennium Search has been part of an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cellphones, personal protective equipment, tools, etc. – that have been moved in or produced for commerce.

22. In each of the past 3 years, Millennium Search has had and has an annual gross volume of sales made or business done of not less than $500,000.00.

23. At all relevant times, Boulton and the Putative Class Members were Millennium Search's "employees" within the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

24. Millennium Search uniformly misclassified Boulton and the Putative Class Members as exempt from the FLSA's overtime provisions.

25. As a result, Millennium Search failed to pay Boulton and the Putative Class Members overtime wages when they worked more than 40 hours in a workweek in violation of the FLSA.

26. Millennium Search's salary pay scheme, which deprives Boulton and the Putative Class Members of overtime compensation in the weeks in which these employees work over 40 hours, violates the FLSA. 29 U.S.C. § 207(a) & (e).

### THE FACTS

27. Millennium Search bills itself as "the mid-south's premier fill-services employment solution" and recruiting firm.[1]

28. Millennium Search hires Recruiters (also referred to as Recruiting Managers), including Boulton and the Putative Class Members, to provide recruitment and staffing services to its clients.

29. Millennium Search uniformly classifies its Recruiters as exempt and pays them a salary with no overtime compensation.

30. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

31. For example, Boulton worked for Millennium Search as a Recruiting Manager from approximately September 2020 until February 2022.

32. Throughout his employment, Millennium Search classified him as exempt and paid him a salary with no overtime compensation.

33. Boulton and the Putative Class Members worked under Millennium Search's uniform exempt misclassification and salary with no overtime pay scheme.

---

[1] https://millenniumsearch.com/ (last visited May 12, 2023).

34. As Recruiters, Boulton's and the Putative Class Members' primary responsibilities included calling and emailing potential candidates, preparing profiles on these workers, screening candidates' qualifications, preparing candidates for interviews, and placing them in positions across the in accordance with Millennium Search's (and its clients') policies, procedures, specifications, and expectations.

35. As Recruiters, Boulton and the Putative Class Members perform non-exempt job duties including calling potential employees for placement into companies that contracted with Millennium Search.

36. Boulton's and the Putative Class Members' job functions were primarily technical in nature, requiring little to no official training.

37. Millennium Search uniformly subjected Boulton and the Putative Class Members to policies and procedures which dictated their day-to-day activities.

38. The recruiting work Boulton and the Putative Class Members perform is an essential and integral part of Millennium Search's core business.

39. No advanced degree is required to become a Millennium Search Recruiter.

40. Being a Millennium Search Recruiter does not require specialized academic training as a standard prerequisite.

41. Boulton and the Putative Class Members do not have any supervisory or management duties.

42. To the extent Boulton and the Putative Class Members make "decisions," such decisions do not require the exercise of independent discretion and judgment.

43. Instead, Boulton and the Putative Class Members apply well-established techniques and procedures and use established standards to evaluate any issues.

44. Boulton and the Putative Class Members do not set the techniques and procedures utilized to perform their job duties and do not set quality standards.

45. Millennium Search's Recruiters, including Boulton and the Putative Class Members, are not allowed to deviate from the techniques and procedures utilized to perform their job duties or from any quality standards.

46. With these job duties, Boulton and the Putative Class Members are clearly non-exempt employees under the FLSA and, therefore, entitled to overtime compensation.

47. But Millennium Search does not pay Boulton and the Putative Class Members overtime compensation when they work more than 40 hours in a workweek in violation of the FLSA.

48. Boulton worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

49. Likewise, each Putative Class Member worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

50. Indeed, Boulton and the Putative Class Members regularly work 8 to 10 hours a day for up to 7 days a week.

51. But Millennium Search does not pay these employees overtime compensation.

52. Rather, under Millennium Search's uniform salary pay scheme, Boulton and the Putative Class Members are denied overtime compensation when they work in excess of 40 hours in workweek in violation of the FLSA.

53. Millennium Search knows Boulton and the Putative Class Members routinely work more than 40 hours in a week because Millennium Search expected and required them to do so.

54. But Millennium Search does not pay Boulton and the Putative Class Members

overtime wages for the overtime hours they work in in violation of the FLSA.

55. When Boulton and the Putative Class Members worked more than 40 hours in workweek, Millennium Search did not pay them overtime wages at 1.5 times their regular hourly rate for all overtime hours worked.

56. Millennium Search knew, or should have known, it was subject to FLSA, including its overtime provisions.

57. Millennium Search knew, or should have known, the FLSA requires it to pay non-exempt employees, including Boulton and the Putative Class Members, overtime wages at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 hours in a workweek.

58. Millennium Search knew, or should have known, Boulton and the Putative Class Members were non-exempt employees and, therefore, entitled to overtime compensation when they work more than 40 hours in a workweek.

59. Millennium Search knowingly, willfully, and/or in reckless disregard carried out these illegal policies that deprived Boulton and the Putative Class Members of premium overtime compensation in violation of the FLSA.

60. Nonetheless, Millennium Search failed to pay Boulton and the Putative Class Members overtime compensation.

61. Millennium Search's failure to pay Boulton and the Putative Class Members overtime compensation was neither reasonable, nor was the decision not to pay these employees overtime compensation made in good faith.

### COLLECTIVE ACTION ALLEGATIONS

62. Boulton brings his claims as a collective action under Section 216(b) of the FLSA.

63. The Putative Class Members were uniformly victimized by Millennium Search's salary pay scheme, which is in willful violation of the FLSA.

64. Other Putative Class Members worked with Boulton and indicated they were paid in the same manner and were subject to Millennium Search's same illegal policies.

65. Based on his experiences and tenure with Millennium Search, Boulton is aware Millennium Search's illegal practices were imposed on the Putative Class Members.

66. The Putative Class Members are similarly situated in all relevant respects.

67. Even if their precise job duties and locations might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime compensation.

68. Therefore, the specific job titles or precise job locations of the various members of the Putative Classes do not prevent collective treatment.

69. Rather, the Putative Classes are held together by Millennium Search's uniform salary with no overtime pay scheme that systematically deprived Boulton and the Putative Class Members of overtime wages when they worked more than 40 hours in a week.

70. The Putative Class Members are similarly denied overtime compensation when they work more than 40 hours in a workweek.

71. The back wages owed to Boulton and the Putative Class Members will be calculated using the same records and using the same formula.

72. Boulton's experiences are therefore typical of the experiences of the Putative Class Members.

73. Boulton has no interest contrary to, or in conflict with, the Putative Class Members that would prevent collective treatment.

74. Like each Putative Class Member, Boulton has an interest in obtaining the unpaid overtime wages owed under federal law.

75. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

76. Absent a collective action, many Putative Class Members will not obtain redress for their injuries, and Millennium Search will reap the unjust benefits of violating the FLSA.

77. Further, even if some of the Putative Class Members could afford individual litigation against Millennium Search, it would be unduly burdensome to the judicial system.

78. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

79. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

80. Among the common questions of law and fact are:

    a. Whether Millennium Search misclassified Boulton and the Putative Class Members are exempt from overtime;

    b. Whether Boulton and the Putative Class member are non-exempt from the FLSA's overtime provisions;

    c. Whether Millennium Search engaged in a policy and practice of failing to pay Boulton and the Putative Class Members overtime wages when these employees worked more than 40 hours in a workweek in violation of the FLSA;

    d. Whether Millennium Search's violation of the FLSA resulted from a continuing course of conduct;

   e. Whether Millennium Search's decision not to pay Boulton and the Putative Class Members overtime compensation was made in good faith;

   f. Whether Millennium Search's decision to classify Boulton and the Putative Class Members as exempt employees was made in good faith; and

   g. Whether Millennium Search's violations of the FLSA were willful.

81. Boulton and the Putative Class Members sustained damages arising out of Millennium Search's illegal and uniform employment policies.

82. Boulton knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

83. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Millennium Search's records, and there is no detraction from the common nucleus of liability facts.

84. Therefore, the issue of damages does not preclude collective treatment.

85. Millennium Search is liable under the FLSA for failing to pay Boulton and the Putative Class Members overtime compensation when they work more than 40 hours in a workweek.

86. Consistent with Millennium Search's illegal salary pay scheme, Boulton and the Putative Class Members are not paid overtime compensation when they work more than 40 hours in a workweek in violation of the FLSA.

87. As part of its regular business practices, Millennium Search intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Boulton and the Putative Class Members.

88. Millennium Search's illegal policies deprived Boulton and the Putative Class Members of overtime compensation, which they are owed under federal law.

89. There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

90. This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

91. Those similarly situated employees are known to Millennium Search, are readily identifiable, and can be found through Millennium Search's business and personnel records.

## CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

92. Boulton realleges and incorporates all other paragraphs by reference.

93. Boulton brings his FLSA claim as a collective action on behalf of himself and the Putative Class Members pursuant to 29 U.S.C. § 216(b).

94. Millennium Search violated, and is violating, the FLSA by failing to pay Boulton and the Putative Class Members overtime compensation at rates not less than 1.5 these employees' regular rates of pay for all hours worked in excess of 40 in a workweek.

95. Boulton and the Putative Class Members have been harmed as a direct and proximate result of Millennium Search's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Millennium Search derived a direct and substantial benefit.

96. Millennium Search knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Boulton and the Putative Class Members overtime compensation.

97. Millennium Search's failure to pay Douglas and the Putative Class Members overtime compensation was neither reasonable, nor was the decision not to pay these employees overtime compensation made in good faith.

98. Accordingly, Boulton and the Putative Class Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, and attorney's fees and costs.

### JURY DEMAND

99. Boulton demands a trial by jury.

### RELIEF SOUGHT

WHEREFORE, Boulton, individually and on behalf of the Putative Class Members, seeks the following relief:

a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. An Order pursuant to Section 16(b) of the FLSA finding Millennium Search liable for unpaid overtime wages due to Boulton and the Putative Class Members, plus liquidated damages in amount equal to their unpaid compensation;

b. A Judgment awarding Boulton and the Putative Class Members all unpaid wages, penalties, and other damages available under the FLSA;

c. An Order awarding attorney's fees, costs, and expenses;

d. An Order awarding pre- and post-judgment interest at the highest applicable rates; and

    e.       An Order awarding such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/Bryce W. Ashby
Bryce W. Ashby (TN Bar# 026179)
**Donati Law, PLLC**
1545 Union Ave.
Memphis, Tennessee 38104
901.278.1004
901.278.3111 (facsimile)
bryce@donatilaw.com

Michael A. Josephson*
Andrew W. Dunlap*
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch*
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
rburch@brucknerburch.com

*Pro hac vice applications forthcoming*

**ATTORNEYS FOR PLAINTIFF &
THE PUTATIVE CLASS MEMBERS**