IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ALEXANDER BOULTON, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:23-cv-02304-SHL-cgc |
| ) | |
| MILLENNIUM SEARCH, LLC, ) | |
| Defendant. ) | |

### ORDER APPROVING FLSA SETTLEMENT

On May 12, 2023, Plaintiff Alexander Boulton filed a Complaint against Defendant Millennium Search, LLC, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (ECF No. 1.)

In their Joint Motion for Approval of FLSA Settlement, (ECF No. 26), the Parties seek approval of their proposed Settlement Agreement and Release of Claims, (ECF No. 26-1.) For the following reasons, the Court **GRANTS** the Motion.

### BACKGROUND

In his Complaint, Plaintiff alleges that he worked for Defendant as a Recruiting Manager from approximately September 2020 to February 2022. (ECF No. 1 at PageID 2.) The Complaint alleges that Defendant failed to pay Plaintiff overtime compensation during his employment. (Id. at PageID 1.) Plaintiff alleges that Defendant, instead of paying overtime, misclassified him as an exempt employee and paid him a salary with no overtime compensation. (Id.) According to Plaintiff, he performed non-exempt job duties that were primarily technical, requiring little official training. (Id. at PageID 5.) He further alleges that he had no supervisory or management duties. (Id.)

On August 2, 2023, the Parties filed their Joint Motion for Approval of FLSA Settlement. (ECF No. 26). According to the attached proposed Settlement Agreement, Defendant agrees to pay Plaintiff $20,000, inclusive of attorney's fees and costs. (ECF No. 26-1 at PageID 101.) While Plaintiff commenced this action on behalf of himself and other similarly situated employees, the Parties state that their proposed settlement would only resolve Plaintiff's claims and does not seek to release or resolve any other individual's claims. (ECF No. 26 at PageID 95, n. 2.) The Parties further state that no other plaintiffs have joined the litigation, so the proposed settlement would not adversely affect any putative collective action members. (Id.)

## LEGAL STANDARD

The FLSA provides, in pertinent part, that an employer who engages in certain prohibited practices, like failing to pay overtime, shall be liable to a covered employee for back wages and liquidated damages. See 29 U.S.C. § 216(b). Once a covered employee files an FLSA claim pursuant to this provision, the only two ways that the claim may be resolved through an agreement of the parties are if (1) the Secretary of Labor supervises the payment of back wages or (2) the employer and employee present the proposed settlement to the district court for approval. Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The Parties have taken the second route, presenting a proposed Settlement Agreement to this Court for approval.

A district court must scrutinize a proposed FLSA settlement for fairness, and determine whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1355; Nutting v. Unilever Mfg. (U.S.) Inc., No. 2:14-cv-02239, 2014 WL 2959481, at *3 (W.D. Tenn. June 13, 2014). In this analysis, the Court examines three factors: (1) whether the settlement was achieved in an adversarial context, (2) whether the

plaintiffs were protected by attorneys who can protect their rights and (3) whether the settlement reflects a fair and reasonable compromise of the issues in dispute. Lynn's Food Stores, 679 F.2d at 1354. As to the fairness and reasonableness of the settlement, the Court examines additional factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Nutting, 2014 WL 2959481, at *3 (quoting Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

## **ANALYSIS**

Based on a review of the Parties' submissions, the Court finds that the proposed Settlement is a fair and reasonable resolution of a bona fide FLSA dispute. First, the settlement was achieved in an adversarial context, as evidenced by the pleadings filed by experienced counsel. (See ECF Nos. 1, 13.) Indeed, the Parties still maintain that they disagree over the merits of Plaintiff's asserted claims, including whether Plaintiff was properly classified as exempt, whether a two or three year limitations period applied, and whether Boulton was entitled to liquidated damages. (ECF No. 26 at PageID 91.)

Second, the proposed Settlement Agreement is fair and reasonable. After deducting attorney's fees and costs, Plaintiff's net recovery will be approximately $11,285. (Id. at PageID 94.) Assuming a three-year statute of limitation period, the proposed net recovery would represent 97% of his estimated three-year damages. (Id.) If there were a two-year limitations period, then the proposed net recovery would represent 180% of his estimated two-year damages. (Id.) The Parties agree that this is a reasonable and fair payment for a release of

Plaintiff's FLSA claims given the significant factual disputes in the case and the uncertainty associated with proceeding to trial. (Id.)

As for the Nutting factors, the Court finds no evidence of fraud or collusion. See Nutting, 2014 WL 2959481, at *3. Moreover, settlement now will avoid additional expenditures of time and resources. See id. The range of possible recovery is relatively fixed and defined by statute, so there is little risk that the proposed Settlement Agreement will deprive Plaintiff of a fair result. See 29 U.S.C. § 216(b). Finally, counsel for the Parties indicate their support for the proposed Settlement by conferring and filing this Joint Motion. Thus, this proposed Settlement Agreement is fair and reasonable.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion and the Settlement is therefore **APPROVED**.

**IT IS SO ORDERED,** this 15th day of August, 2023.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE